## S. PERRY *v.* THE STATE.

AFFIRMANCE ON CERTIFICATE. — The Revised Code of Criminal Procedure has materially changed the law controlling the transmission to this court of transcripts in misdemeanor cases, and in doing so has abrogated the former right of the State to an affirmance on certificate when the transcript in a misdemeanor case has not been filed by the first day of the proper assignment.

APPEAL from the County Court of Henderson. Tried below before the Hon. W. L. FAULK, County Judge.

The conviction was for a misdemeanor. See the opinion for the *status* of the case in this court.

*Robertson & Finley*, for the appellant.

*Thomas Ball*, Assistant Attorney General, for the State.

WHITE, P. J. At a former day of this term the appeal herein was affirmed on certificate, on motion of the assistant attorney-general. A motion is now made to vacate and set aside the judgment of affirmance, and for a rehearing upon the case. This motion must prevail, because it seems that the statute heretofore authorizing such procedure (Pasc. Dig., art. 3198; *Elmore* v. *The State*, 3 Texas Ct. App. 73) has ceased to be a part of the law of this State, and the practice with regard to bringing up and filing the transcript in a misdemeanor case in this court has been radically changed by the provisions of the Revised Code of Criminal Procedure.

Under the rules now obtaining, the clerk of the court from which the appeal is taken must not only make out the transcripts in all criminal cases (Code Cr. Proc., art. 860), but the law also now makes it the duty of said clerk (and not of the defendant, as it did formerly) to forward the same by mail to the clerk of this court. Code Cr. Proc., art. 862. And when the transcript in any case of misde-

meanor, as well as felony, has not been received here in time for the taking up of the assignment to which the cause properly belongs, the clerk here is required to notify the clerk below of that fact, who is required to make out and forward without delay another transcript (Code Cr. Proc., arts. 865, 866), and the clerk of the Court of Appeals is required to receive, file, and docket the same, under the same rules which govern appeals in civil actions. Code Cr. Proc., art. 867.

The State has no longer the right to an affirmance on certificate in a misdemeanor case. The motion to set aside the judgment is granted, and a rehearing awarded.

*Ordered accordingly.*